No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE BASHAM,

Movant.

APPLICATION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255

Respectfully submitted,

JON M. SANDS
Federal Public Defender

LETICIA MARQUEZ
Assistant Federal Public Defender
LINDSEY LAYER
Research and Writing Specialist
407 West Congress Street
Tucson, Arizona 85701-1310
Phone: (520) 879-7622
Facsimile: (520) 622-6844
Leticia_marquez@fd.org
Lindsey_layer@fd.org
*Attorneys for Movant Basham*

Movant, Brandon Leon Basham, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2). Mr. Basham makes this request so that he may immediately assert a challenge to his conviction for using a firearm during in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). Specifically, Mr. Basham seeks to challenge his § 924(c) conviction based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause in the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) is unconstitutionally vague. From *Johnson*, it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, is also unconstitutionally vague. Therefore, Mr. Basham's § 924(c) conviction cannot be sustained.

As explained below, Mr. Basham can make a prima facie showing, as required by 28 U.S.C. § 2244(b)(3) and § 2255(h)(2), and this Court should allow the district court an opportunity to consider the merits of his application.

**INTRODUCTION**

On September 30, 2004, Mr. Basham was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. §

2

924(c)(1)(A) (Count 6).[1] Specifically, the count alleged that the underlying "crimes of violence" for the § 924(c) charge were kidnapping and carjacking. However, post-*Johnson,* as explained in the attached 28 U.S.C. § 2255 motion, both kidnapping and carjacking categorically fail to qualify as a "crime of violence." *See* Exhibit 1 (Proposed Motion to Vacate Conviction under 28 U.S.C. § 2255). Therefore, Mr. Basham is innocent of the § 924(c) offense, and his conviction is void.

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[2] The residual clause is now void for vagueness in light of *Johnson*, and

---

[1] Mr. Basham was also convicted of the following crimes: carjacking resulting in death, in violation of 18 U.S.C. § 2119; kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a); interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312; conspiracy, in violation of 18 U.S.C. § 371; conspiracy to use, carry, and possess firearms during and in relation to, and in furtherance of, crimes of violence, in violation of 18 U.S.C. § 924(o); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j).

[2] Under § 924(c)(3), "crime of violence" is defined as follows:

    (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

        (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

        (B) that by its nature, involves a substantial risk that physical force against

kidnapping and carjacking both categorically fail to qualify as a "crime of violence" under the remaining force clause. Therefore, the "crime of violence" element cannot be satisfied here under § 924(c), and a conviction cannot be constitutionally sustained under the statute.

In *Johnson*, the Supreme Court struck down the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly be stricken as unconstitutional. The Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*. The rationale of *Dimaya* and *Vivas-Cejas* equally applies to the determination of whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). Relying on the same reasoning of *Dimaya* and *Vivas-Ceja*, two district courts recently found that the § 924(c) residual clause was void for vagueness. *See United States v. Lattanaphom*, __F. Supp.3d__, 2106 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson*, __F. Supp.3d__, 2015 WL 9582736 (D. Md. Dec. 30, 2015). As further detailed in the attached § 2255 motion, these

the person or property of another may be used in the course of committing the offense.

4

cases compel the same conclusion here.

Likewise, neither Mr. Basham's carjacking offense nor his kidnapping offense qualify as a "crime of violence" under § 924(c)'s remaining force clause (§ 924(c)(3)(A)). This is because 1) neither offense has as an element the use, attempted use, or threatened use of violent physical force, and 2) both offenses can be accomplished without the *intentional* use, attempted use, or threatened use of the same. Therefore, both kidnapping and carjacking categorically fail to qualify as a "crime of violence," and Mr. Basham's § 924(c) conviction is void.

As a result, Mr. Basham's § 924(c) conviction 1) violates due process, 2) violates the United States laws and results in a fundamental miscarriage of justice, and 3) was entered in excess of the district court's jurisdiction.

Mr. Basham urges this Court to authorize his application for a successive petition so that he can pursue the above-described *Johnson* claim in district court. Because Mr. Basham has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition. 28 U.S.C. § 2244(b)(3). This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facie showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Because *Johnson* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Basham can make a prima facie showing that he is entitled to pursue a successive § 2255 petition.

## PROCEDURAL HISTORY

### A. Trial and Sentencing

On September 30, 2004, Mr. Basham was convicted of eight counts, including kidnapping resulting in death, carjacking resulting in death and possession of a firearm in furtherance of those crimes. The district court sentenced Mr. Basham to death by lethal injection on Counts 1 and 2, and to various terms totaling 660 consecutive months on the remaining counts, including 84 months on Count 6, use of a firearm during and in relation to a "crime of violence" under § 924(c).

### B. Direct Appeal

On February 15, 2005, Mr. Basham filed a notice of appeal to this Court. This Court affirmed Mr. Basham's convictions and sentences. *United States v. Basham*, 561 F.3d 302 (4th Cir. 2009). The Supreme Court of the United States denied Basham's subsequent petition for writ of certiorari on June 1, 2010. *Basham v. United States*, 130 S. Ct. 3353 (2010).

### C. Previous 2255 Petitions

On May 31, 2011 Mr. Basham filed his first motion under 28 U.S.C. §

2255. *See* Exhibit 2. On June 1, 2011, Mr. Basham an amended motion under 28 U.S.C. § 2255. *See* Exhibit 3. This motion was substantively identical to the motion filed on the previous day, but included but included the certification required pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. In this motion, Mr. Basham raised 34 claims for relief. On June 5, 2013, the district court denied Mr. Basham's § 2255 motion. *See* Exhibit 4. This Court affirmed the district court's order denying relief on June 15, 2015. *United States v. Basham*, 789 F.3d 358 (4th Cir. 2015). Mr. Basham's petition for certiorari to the Supreme Court of the United States was denied on March 21, 2016. *Basham v. United States*, _ S. Ct. __, 2016 WL 1079042 (U.S. March 21, 2016).

**D.      *Johnson v. United States***

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. In that case, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair

notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2257. Finding the residual clause "vague in all its applications," the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63.

After *Johnson*, Mr. Basham's § 924(c) conviction cannot be sustained for the reasons noted in Mr. Basham's attached § 2255 petition. Mr. Basham now requests authorization from this Court to file a successive § 2255 petition.

## LEGAL STANDARDS

**Mr. Basham's petition for permission to file a successive motion in the district court under § 2255 should be granted because his petition depends on *Johnson*, and *Johnson* announced a new constitutional rule which has been made retroactive by the Supreme Court.**

### A. Mr. Basham can make a sufficient showing of possible merit to warrant fuller exploration by the district court.

The gatekeeping Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a prima facie showing that the petition to be filed is based on a previously unavailable new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that, "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. *Id*. at 282. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met – not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Id*. As further detailed below, Mr. Basham easily satisfies the gatekeeping requirements of § 2255(h)(2).

### 1. *Johnson* announced a previously unavailable new rule of constitutional law.

The Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). In its recent decision in *Welch v. United States*, the Supreme Court explicitly found that "[i]t is undisputed that *Johnson* announced a new rule." 136 S. Ct. 1257, 1264

9

(2016)(citing *Teague v. Lane*, 489 U.S. 288, 301 (1989))); *see also id.* at 1268 ("*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."); *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"); *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) ("Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." (citation omitted)). In *Welch*, the Court reasoned that "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied. *Johnson* is thus a substantive decision and so has retroactive effect under Teague in cases on collateral review." *Welch*, 136 S. Ct. at 1265. Therefore, *Johnson* is substantive, and in turn, retroactive.

The result in *Johnson* was not previously available to Mr. Basham. In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. 2267, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague. Until *Johnson* was decided, any successive collateral attack was foreclosed.

**2. The holding in *Johnson* applies to convictions under 18 U.S.C. § 924(c)**

Not only does *Johnson* narrow the scope of the ACCA residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c) and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law

does not make criminal." *Summerlin*, 542 U.S. at 352. Section 924(c) criminalizes carrying a firearm during a "crime of violence." *Johnson* establishes that certain convictions cannot be considered "crimes of violence" consistent with due process, and thus alters what conduct § 924(c) makes criminal. A defendant stands convicted of an act that the law does not make criminal, where, as here, the defendant has been convicted under § 924(c) for using a firearm in connection with a crime that, under *Johnson*, cannot constitutionally be considered a "crime of violence." Indeed, in *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016), upon the Government's concession, the Second Circuit recently granted a motion to authorize a successive petition based on a *Johnson* challenge to a § 924(c) challenge. The Seventh Circuit did the same in *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016).

**B. Mr. Basham is entitled to certification under 28 U.S.C. § 2255(h)(2).**

Mr. Basham has made a "prima facie showing," 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Basham has presented a prima facie showing of a tenable claim that all the requirements of § 2255(h) are satisfied, he respectfully requests that his motion be granted and that he be allowed forthwith

to present the attached 28 U.S.C. § 2255 motion before the district court.

RESPECTFULLY SUBMITTED this 19th day of May, 2016.

JON M. SANDS
Federal Public Defender

 s/Lindsey Layer
LINDSEY LAYER
Counsel for Movant Basham

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the appellate CM/ECF system.


s/Tamelyn McNeill
Assistant Paralegal
Federal Public Defender's Office
District of Arizona