

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*                                    *Washington, D.C. 20530*

The Honorable Patricia Connor                          June 10, 2016
Clerk of Court
U.S. Court of Appeals
 For the Fourth Circuit
1100 East Main Street
Richmond, VA 23219

Re: <u>U.S.</u> v. <u>Brandon L. Basham</u>, No. 16-5

Dear Ms. Connor:

This letter is submitted pursuant to Fed. R. App. P. 28(j).

The issue in this case is whether Basham is entitled to authorization to file a successive motion under 28 U.S.C. § 2255 to challenge the validity of his firearm conviction under 18 U.S.C. § 924(c).

In <u>In Re: Creadell Hubbard</u>, __ F.3d __ (4th Cir. June 8, 2016), this Court granted the movant's request for authorization to file a successive Section 2255 motion to attack his burglary conviction based on various residual clauses, but it also ruled that Hubbard's attack on his federal bank robbery conviction under 18 U.S.C. § 2113(a) was no longer viable. This Court reasoned that the Supreme Court's decision in <u>Johnson</u> v. <u>United States</u>, 135 S. Ct. 2551 (2015), "was inapplicable" to that claim because, in <u>United States</u> v. <u>McNeal</u>, 818 F.3d 141 (4th Cir. 2016), this Court had previously held that Section 2113 satisfies the "force clause" in 18 U.S.C. § 924(c)(3)(A). Opinion at 5.

Because Basham's conviction under Section 924(c) was based on federal kidnapping and carjacking offenses that are independently valid under Section 924(c)'s force clause, <u>Hubbard</u> compels rejection of Basham's motion.

Yours truly,
/s/
Thomas E. Booth
Appellate Section
Criminal Division
Department of Justice
950 Penn. Avenue, Room 1511
(202) 514-5201
Thomas.Booth@usdoj.gov